# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOVACEVICH "5" FARMS, a partnership,<br><br>　　　　Defendant. | Case No. 1:06-cv-00165 OWW TAG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO INTERVENE**<br><br>(Doc. 14) |

### Background

On February 13, 2006, the Equal Employment Opportunity Commission ("EEOC") commenced this civil action against defendant Kovacevich "5" Farms. (Doc. 1). The complaint alleges unlawful employment practices on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Id.) Furthermore, the complaint seeks appropriate relief on behalf of the following six charging parties: Patricia Delgado, Myriam Cazares, Flor Rivera, Miriam Delgado, Terri Salcido and Delia Casas. (Id.)

In a Scheduling Order dated on June 10, 2006, this Court ordered that the foregoing charging parties were to intervene in this matter within sixty (60) days of such Scheduling Order. (Doc. 10, p. 4). In compliance with that order, the charging parties filed the instant Motion for Leave to Intervene on June 20, 2006. (Doc. 14). In response, the EEOC filed a Notice of Non-Opposition to Applicant-Intervener's Motion for Leave to Intervene. (Doc. 15). Defendant

Kovacevich "5" Farms also filed a Notice of Non-Opposition to Applicant-Intervener's Motion for Leave to Intervene.  (Doc. 17).

## Applicable Law

Title VII of the Civil Rights Act of 1964, as amended, provides that persons aggrieved by a violation of such Act "shall" have the right to intervene in a civil action instituted by the EEOC:

> If within thirty days after a charged is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.  In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent. . . .  <u>The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision</u>.

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  See <u>EEOC v. Brotherhood of Painters, Decorators and Paperhangers of America</u>, 384 F. Supp. 1264, 1266-67 (D.S.D. 1974) (clause restricting intervention to cases involving government, government agency or political subdivision applies only to cases filed by Attorney General; in cases filed by the EEOC itself, "the statute grants the person aggrieved an unconditional right to intervene").

Rule 24(a) of the Federal Rules of Civil Procedure, in turn, provides as follows:

> (a)  Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . .

Fed. R. Civ. P. 24(a).  Three factors are considered in assessing whether an application to intervene is "timely": (1) the stage of the proceedings, (2) whether the parties would be prejudiced and (3) the reason for any delay in moving to intervene.  <u>Northwest Forest Resource Council v. Glickman</u>, 82 F.3d 825, 836-37 (9th Cir. 1996).  Here, where the proceedings have only recently commenced, where there has been no delay in moving to intervene, and where no party opposes the motion, it is appropriate to allow intervention.

///

1     Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to Intervene (Doc. 14) is GRANTED as to the six charging parties named therein : Patricia Delgado, Myriam Cazares, Flor Rivera, Miriam Delgado, Terri Salcido and Delia Casas.

IT IS SO ORDERED.

Dated:   **August 7, 2006**                      **/s/ Theresa A. Goldner**
**j6eb3d**                                     UNITED STATES MAGISTRATE JUDGE