1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9    E.E.O.C.,                    )    1:06-cv-0165 OWW TAG
                                  )
10             Plaintiff,         )    ORDER DENYING DEFENDANT'S
                                  )    MOTION TO DISMISS SECOND
11   and                          )    CLAIM FOR RELIEF IN
                                  )    COMPLAINT IN INTERVENTION
12   DELIA CASAS, MYRIAM CAZARES, )    (DOC. 28)
     MIRIAM DELGADO, PATRICIA     )
13   DELGADO, FLOR RIVERA and TERRI )
     SALCIDO,                     )
14                                )
          Applicant-Intervenors,  )
15                                )
          v.                      )
16                                )
     KOVACEVICH "5" FARMS, a      )
17   partnership,                 )
                                  )
18             Defendant.         )
                                  )
19   _____ )

20

21        On February 13, 2006, the Equal Employment Opportunity

22   Commission (EEOC) filed a Complaint against Kovacevich "5" Farms

23   (K5) pursuant to Title VII of the Civil Rights Act of 1964 and

24   Title I of the Civil Rights Act of 1991 alleging unlawful

25   employment practices on the basis of sex and seeking relief on

26   behalf of six charging parties: Patricia Delgado, Myriam Cazares,

27   Flor Rivera, Miriam Delgado, Terri Salcido, and Delia Casas

28   (Charging Parties/Intervenors).

                                1

1    By Order filed on August 7, 2006, Magistrate Judge Goldner

2  granted the charging parties' motion to intervene.  On August 23,

3  2004, the Charging Parties/Intervenors filed a Complaint in

4  Intervention against K5.  The First Claim for Relief alleges sex

5  discrimination in employment in violation of Title VII.  The

6  Second Claim for Relief alleges sex discrimination in employment

7  in violation of the Fair Employment and Housing Act (FEHA),

8  California Government Code §§ 12900 *et seq*.  The Complaint in

9  Intervention alleges in pertinent part:

10         12.  On or about November 13, 2003, Plaintiff-
           Intervenors filed charges of employment discrimination
11         with Plaintiff [EEOC] alleging sex discrimination by
           Defendant.  These charges of employment discrimination
12         were dual-filed with the California Department of Fair
           Employment and Housing ('DFEH').  Pursuant to the work-
13         sharing agreement between said agencies, the DFEH
           issued a right to sue letter to each Plaintiff-
14         Intervenor and Plaintiff [EEOC] assumed responsibility
           for investigating and processing said charges.  On
15         August 18, 2004, Plaintiff [EEOC] issued a Letter of
           Determination, finding that Defendant violated Title
16         VII of the Civil Rights Act of 1964 by refusing to hire
           Plaintiff-Intervenors, and a class of female
17         applicants, because of their sex, female.

18    K5 moves to dismiss the Second Claim for Relief for failure

19  to state a claim upon which relief can be granted pursuant to

20  Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground

21  that the statute of limitations for this claim elapsed and that

22  Charging Parties/Intervenors are not entitled to tolling of the

23  statute of limitations.

24    A.   Procedural Issue - Untimely Opposition

25    K5 contends that Charging Parties/Intervenors' opposition to

26  the motion should be disregarded in resolving the motion because

27  it was untimely served on K5.

28    K5's motion to dismiss was filed on September 12, 2006 and

                                  2

noticed for hearing on October 16, 2006.  The opposition to the motion was filed with the court and electronically served on K5 on October 2, 2006.  Rule 78-230(c), Local Rules of Practice, provides in pertinent part:

> Opposition ... shall be filed with the Clerk not less than fourteen (14) days preceding the noticed ... hearing date.  Opposition shall be personally served on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic service not less than seventeen (17) days preceding the hearing date ... No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party ....

Because the opposition was not served on K5 on seventeen days prior to the hearing date, K5 requests that the opposition not be considered in resolving the motion and that Charging Parties/Intervenors not be allowed to argue in opposition to the motion on October 16.  K5 asserts: "The very lack of diligence that condemns Intervenors' cause of action under state law continues to this day, and is demonstrated by their failure to comply with the plain terms of the local rules of court."

K5's request that the opposing brief not be considered in resolving the motion to dismiss is not allowed by Rule 78-230(c). The only sanction for an untimely filed opposition is that the party will not be allowed to participate in oral argument. Furthermore, the opposition brief was timely filed with the court - K5's claim relates solely to service of the opposition. Finally, K5 points to no prejudice to itself because of the untimely service of the opposition - K5's reply brief was filed on Friday, October 6.  There was no prejudice to the ability of the court to be prepared for the October 16 hearing.

1      Consequently, K5's request is DENIED.

2      B.    <u>Procedural Issue - Request to File Supplemental</u>

3         <u>Authority</u>

4      On October 11, 2006, Charging Parties/Intervenors filed a

5 request to file supplemental authority in opposition to the

6 motion to dismiss.  Specifically, they seek to cite the

7 Memorandum Opinion and Order Re Defendant's Motion to Dismiss

8 Complaint in Intervention filed by Judge Ishii on February 24,

9 2004 in *EEOC v. Harris Farms, Inc.*, No. 1:02-cv-6199 AWI LJO.

10 Counsel for the Charging Parties/Intervenors asserts that he

11 became aware of Judge Ishii's Order on October 11, 2006.

12      K5 objects that the request to file supplemental authority

13 is untimely because the authority should have been included in

14 Charging Parties/Intervenors' initial opposition to the motion to

15 dismiss.

16      The request to file supplemental authority is GRANTED.

17 Parties are expected to fully support their positions with

18 appropriate legal authority in accordance with Rule 78-230, Local

19 Rules of Practice.  However, on occasion such authority is

20 discovered after the brief has been filed.  Because any decision

21 on a motion should comply with the law, appropriate legal

22 authority should not be disregarded merely because it was not

23 cited in an initial brief.  Any prejudice to the other party can

24 be alleviated by the allowance of a supplemental response.  Here,

25 K5 filed a supplemental response prior to oral argument

26 discussing the merits of Judge Ishii's Order.  In any event,

27 Judge Ishii's Order is not binding precedent.  *See Starbuck v.*

28 *City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th

4

1  Cir. 1977).

2      C.   <u>Governing Standards</u>

3      A motion to dismiss under Rule 12(b)(6) tests the

4  sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729,

5  732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is

6  appropriate only where "it appears beyond doubt that the

7  plaintiff can prove no set of facts in support of his claim which

8  would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-

9  46 (1957). Dismissal is warranted under Rule 12(b)(6) where the

10  complaint lacks a cognizable legal theory or where the complaint

11  presents a cognizable legal theory yet fails to plead essential

12  facts under that theory. *Robertson v. Dean Witter Reynolds,*

13  *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion

14  to dismiss under Rule 12(b)(6), the court must assume the truth

15  of all factual allegations and must construe all inferences from

16  them in the light most favorable to the nonmoving party.

17  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However,

18  legal conclusions need not be taken as true merely because they

19  are cast in the form of factual allegations. *Ileto v. Glock,*

20  *Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Immunities and other

21  affirmative defenses may be upheld on a motion to dismiss only

22  when they are established on the face of the complaint. *See*

23  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999); *Jablon v.*

24  *Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). When

25  ruling on a motion to dismiss, the court may consider the facts

26  alleged in the complaint, documents attached to the complaint,

27  documents relied upon but not attached to the complaint when

28  authenticity is not contested, and matters of which the court

1    takes judicial notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-

2    706 (9th Cir. 1988).

3         D.   <u>Evidence in Support of Motion</u>

4         In moving to dismiss, K5 submits two declarations and a

5    number of documents.  No objection and no contention are made by

6    Charging Parties/Intervenors that the motion must be treated as

7    one for summary judgment.

8         K5 submits as an exhibit a copy of the charges filed with

9    the DFEH and the EEOC on December 12, 2003.  Also submitted are

10   copies of the right-to-sue letters issued by the DFEH on December

11   15, 2003.  The DFEH right-to-sue letters stated in pertinent

12   part:

13        The EEOC will be responsible for the processing of this
          complaint.  DFEH will not be conducting an
14        investigation into this matter.  EEOC should be
          contacted directly for any discussion of the charge.
15        DFEH is closing its case on the basis of 'processing
          waived to another agency.'
16
          ...
17
          Since DFEH will not be issuing an accusation, this
18        letter is also your right-to-sue notice.  According to
          Government Code section 12965, subdivision (b), you may
19        bring a civil action under the provisions of the Fair
          Employment and Housing Act against the ... employer ...
20        named in the above-referenced complaint ... Government
          Code section 12965, subdivision (b), provides that such
21        a civil action must be brought within one year from the
          date of this notice.  Pursuant to Government Code
22        § 12965(d)(1), this one year period will be tolled
          during the pendency of the EEOC's investigation of your
23        complaint.  You should consult an attorney to determine
          with accuracy the date by which a civil action must be
24        filed.  ....

25   Ronald Barsamian and Anthony Raimondo, attorneys for K5, aver

26   that, at the time the EEOC charges were filed, attorney Marni

27   Willensen of Miner, Burnhill & Galland, advised them that her

28   firm represented the charging parties.  Submitted as an exhibit

6

1  is a copy of the August 18, 2004 letter from the EEOC to Mr.

2  Raimondo, advising that the EEOC had determined reasonable cause

3  to believe that K5 had discriminated against the Charging Parties

4  and initiating a conciliation conference.   Mr. Barsamian avers

5  that he participated in an extended conciliation conference call

6  with the EEOC and attorneys for the Charging Parties on March 29,

7  2005 and that an agreement was not reached to resolve the

8  dispute.   Submitted as exhibits are copies of letters dated April

9  7, 2005 from the EEOC to Mr. Raimondo advising that conciliation

10 had been unsuccessful and that the case was being forwarded to

11 the EEOC's Regional Attorney for litigation review.   As noted,

12 the EEOC filed its Complaint on February 13, 2006.   Mr. Barsamian

13 avers in pertinent part:

14      6.   When the EEOC filed this action in February 2006,
        EEOC attorney Evangelina Hernandez informed my office
15      that Intervenors were represented by Mr. Tomas Olmos of
        Allred, Maroko & Goldberg, and stated that Mr. Olmos'
16      clients would be intervening in the EEOC action.

17      7.   I acknowledged the unconditional right to
        intervene as established in Title VII, and urged Ms.
18      Hernandez to instruct Mr. Olmos to intervene without
        delay so that all parties would be formally involved in
19      the litigation.

20      8.   Prior to our Rule 26 conference with the EEOC, Ms.
        Hernandez asked K5 to consent to participation by
21      Intervenors in the conference.   K5 declined to give
        such consent, and again urged intervention without
22      delay to formalize all parties' participation in this
        litigation.   Intervenors declined, and did not
23      participate in the Rule 26 conference.

24 A scheduling conference before Magistrate Judge Goldner was held

25 on May 4, 2006.   A Scheduling Order was filed on June 9, 2006,

26 wherein Magistrate Judge Goldner ruled in pertinent part:

27      The parties are informed and believe that the six
        charging parties in this case will move to intervene
28      into the instant lawsuit in the near future.   The

7

1    parties would not oppose any motion for intervention.

2    The Court orders that the ... six charging parties
     shall intervene in this matter within sixty (60) days
3    of the date of this Scheduling Order.

4   On June 20, 2006, the Charging Parties filed a motion to

5   intervene, noticing the motion for hearing on August 7, 2006.

6   Submitted with the motion to intervene was a proposed Complaint

7   in Intervention, which proposed Complaint alleged the Second

8   Claim for Relief at issue in the instant motion.  On July 19,

9   2006, K5 filed a notice of non-opposition to the motion to

10  intervene, stating that K5 "reserves the right to file an

11  appropriate response to the proposed Complaint In Intervention if

12  the court grants the motion and permits the intervention."  As

13  noted, by Order filed on August 7, 2006, the Magistrate Judge

14  granted the motion to intervene.  Another scheduling conference

15  was held on August 17, 2006.  By Order filed on August 18, 2006,

16  the Magistrate Judge ordered Charging Parties/Intervenors to file

17  their Complaint in Intervention by August 18, 2006.  The

18  Complaint in Intervention was filed on August 23, 2006.[1]

19      E.   Merits of Motion

20      As a general rule, a plaintiff must file an action under the

21  FEHA within one year from the date of the notice of right to sue

22  issued by the FEHA.  Cal.Govt.Code § 12965(b).  Section 12965(d)

23  provides:

24      (1) Notwithstanding subdivision (b), the one-year

25  ───────────────────────

26      [1] Although the August 18, 2006 Order required the Complaint
    in Intervention be filed by August 18, Mr. Barsamian avers that
27  the Magistrate Judge ordered that the Complaint be filed by
    August 25, 2006.  Thus, the date in the written order is a
28  typographical error.

**8**

statute of limitations, commencing on the date of the right-to-sue notice by the Department of Fair Housing and Employment, to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:

(A) A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.

(B) The investigation of the charge is deferred by the Department of Fair Employment and Housing to the Equal Opportunity Commission.

(C) A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.

(2) The time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later.

(3) This subdivision is intended to codify the holding in *Downs v. Department of Water and Power of City of Los Angeles* (1997) 58 Cal.App.4th 1093.

Here, the EEOC did not issue a right-to-sue letter to the charging parties because the EEOC itself brought the employment discrimination complaint against K5.  There is no statute of limitations applicable to the EEOC when the EEOC brings an employment discrimination action.  *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355 (1977).  When the EEOC pursues an employment discrimination claim under Title VII, the charging party may intervene pursuant to 42 U.S.C. § 2000e-5(f) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission ...."); *see also* Rule 24(a)(1) ("Upon timely application anyone shall be permitted to intervene in an action: [¶] (1) when a statute of the United

States confers an unconditional right to intervene").[2]

K5 concedes that the First Claim for Relief under Title VII in the Complaint in Intervention is timely.  K5 argues that the Second Claim for Relief is not timely because "nothing suggests that the California Legislature intended to extend the individual right to sue under the FEHA without limit when it enacted Cal.Govt.Code § 12965(d)(1)."

As noted *supra*, Section 12965(d)(1) was intended to codify the holding in *Downs v. Department of Water & Power*, 58 Cal.App.4th 1092 (1997).  In *Downs*, an employee filed an FEHA claim with the DFEH and a claim under Title VII with the EEOC. The DFEH issued a right-to-sue letter, but it deferred investigation to the EEOC under the work-sharing agreement between the agencies.  The EEOC dismissed the employee's Title VII claim, and the employee filed his FEHA action in state court more than one year after the DFEH had issued the right-to-sue letter.  The trial court dismissed the FEHA claim, finding that the action was barred by the one-year limitation period set forth in Government Code § 12965(b) because the action was not filed

---

[2] Case authority holds that an aggrieved employee has an absolute right to intervene in an employment discrimination action brought by the EEOC against the employer but that intervention still must be timely sought.  *See EEOC v. Westinghouse Electric Corporation*, 675 F.2d 164 (8th Cir. 1982). In granting Charging Parties/Intervenors' motion to intervene, Magistrate Judge Goldner ruled:

> Here, where the proceedings have only recently commenced, where there has been no delay in moving to intervene, and where no party opposes the motion, it is appropriate to allow intervention.

1  within one year of the issuance of a right-to-sue letter.  The

2  Court of Appeals reversed based on the doctrine of equitable

3  tolling.  The Court of Appeals noted that three factors determine

4  whether a statute of limitations is equitably tolled: (1) timely

5  notice to defendants in filing the first claim; (2) lack of

6  prejudice to defendants in gathering evidence to defend against

7  the second claim; and (3) good faith and reasonable conduct by

8  plaintiffs in filing the second claim.  58 Cal.App.4th at 1100.

9  The Court of Appeals further noted:

10      The doctrine of 'equitable tolling' is supported by
        several policy considerations.  First, it serves the
11      fundamental purpose of the statutes of limitations by
        providing timely notice of claims to defendants,
12      without imposing the costs of forfeiture on plaintiffs
        ... Second, it avoids the hardship of compelling
13      plaintiffs to pursue several duplicative actions
        simultaneously on the same set of facts ... Third, it
14      lessens the costs incurred by courts and other dispute
        resolution tribunals, because disposition of a case
15      filed in one forum may render proceedings in the second
        unnecessary or easier and less expensive to resolve
16      ....

17  The Court of Appeals cited *Salgado v. Atlantic Richfield Co.*, 823

18  F.3d 1322 (9th Cir. 1990), wherein the Ninth Circuit ruled that

19  an EEOC investigation of an employee's claims tolled the one-year

20  statute of limitations in Section 12965(b) until the EEOC issued

21  the right-to-sue letter.  In so ruling, the Ninth Circuit stated,

22  "the procedures and remedies of Title VII and the [FEHA] are

23  wholly integrated and related.  Moreover the practical

24  relationship between Title VII and California's FEHA, embodied in

25  the work sharing agreement between the EEOC and the [DFEH],

26  provides a basis for tolling § 12965(b)'s one-year statute of

27  limitations during the pendency of the EEOC's administrative

28  process."  *Salgado*, 823 F.2d at 1325-1326.  The Ninth Circuit

further stated: "The state agency deferred investigation and

processing of Salgado's claims to the EEOC.  The administrative

proceedings of the EEOC replaced those of the state agency.

Salgado had to await the outcome of the EEOC's processing of his

claims in order to receive the full benefit of an investigation"

and that "[i]f there is an established administrative mechanism

in place to give notice to employers charged with a violation and

to undertake efforts at conciliation, it would be anomalous

indeed to hold that a claimant, whose use of this mechanism put

him outside the relevant time period, could not have that period

equitably tolled." *Salgado, id.* at 1326.  The Court of Appeals

held:

> ... When a charge of discrimination or harassment is
> timely filed concurrently with the EEOC and the DFEH,
> the investigation of the charge is deferred by the DFEH
> to the EEOC under a work-sharing agreement, and the
> DFEH issues a right-to-sue letter upon deferral, then
> the one-year period to bring an FEHA action is
> equitably tolled during the pendency of the EEOC
> investigation until a right-to-sue letter from the EEOC
> is received.
>
> ...
>
> Tolling the one-year statute satisfies the policy
> considerations [underlying equitable tolling].  The
> DFEH apparently issues a 'right-to-sue' letter under
> its work-sharing agreement with the EEOC upon deferral
> of the investigation to the EEOC.  If the one-year
> statute were not tolled, a plaintiff would often be
> compelled to pursue a state law action before the EEOC
> had completed its investigation.  If the EEOC issued an
> accusation or achieved conciliation, the state law
> action would become redundant or moot.  Tolling the
> one-year statute for bringing the FEHA action until the
> EEOC completes its determination provides a defendant
> with notice of the charges, but relieves a plaintiff
> from pursuing duplicative actions simultaneously on the
> same set of facts.  Moreover, disposition of a case by
> the EEOC may render a state court action unnecessary or
> easier and less expensive to resolve.

58 Cal.App.4th at 1102.

1    K5 argues that *Downs* demonstrates that the Legislature only

2    intended to toll the statute of limitations during the pendency

3    of the administrative and investigation process and did not

4    intend to create an unlimited ability to pursue state law claims

5    "by riding on the coattails of an EEOC action in federal court."

6    K5 argues that "once the EEOC determines that conciliation will

7    not reach a resolution, the reason for tolling vanishes, and the

8    statute of limitations must begin to run on the FEHA claim."  K5

9    also refers to the Comment to AB 1146, which enacted Section

10   12965(d) as demonstrating that the Legislature did not intend to

11   extend the FEHA statute of limitations when EEOC conciliation

12   fails and the EEOC decides to file an action on behalf of the

13   charging parties:

14       This bill codifies the principles in *Downs* and the
         federal cases, thus allowing complainants in dual-filed
15       cases to await the outcome of the EEOC process by
         tolling the one-year state right-to-sue period, under
16       specified conditions, until EEOC completes its
         administrative processing of the charge.  The specified
17       conditions are: 1) that a timely charge has been filed
         concurrently with both DFEH and EEOC; 2) DFEH has
18       deferred to EEOC for charge processing, or EEOC has
         initially deferred to the state but subsequently
19       undertakes an independent review; and, 3) a right-to-
         sue notice has been issued regarding the state claim.

20

21   K5, noting that the Charging Parties/Intervenors were

22   represented by counsel throughout the EEOC investigation and

23   conciliation process and actively participated in the

24   conciliation process, asserts that they never took any action to

25   preserve their FEHA claim even when the EEOC waited ten months

26   to file its Complaint with this court after giving notice on

27   April 7, 2005 that the conciliation process had failed.  K5

28   contends that the tolling period for the FEHA claim ended on

April 7, 2006.  K5 argues:

> Intervenors never attempted to intervene and filed
> their Complaint within the two months between the
> filing of the EEOC Complaint and the expiration of the
> limitations period for their FEHA claim ...
> Intervenors might still be sitting on their hands today
> had K5 not asked the court to compel them to act.
> Thus, Intervenors have not acted with the reasonable
> diligence required under the holding in *Downs*, and
> allowed their cause of action under state law to lapse.
> State law clearly required intervenors to act with
> reasonable diligence to preserve their claims under the
> FEHA, but they failed to do so.  Despite having ample
> opportunity to raise their claims under state law, they
> chose to do nothing, and the price that they pay for
> their unreasonable inaction is the loss of their cause
> of action under the FEHA.

Charging Parties/Intervenors note that the conditions for

tolling the one-year statute of limitations set forth in Section

12965(d)(1) existed in this action.  The question is the

applicable period of that tolling.  Pointing to the language in

Section 12965(d)(2) that "[t]he time for commencing an action for

which the statute of limitations is tolled under paragraph (1)

expires when the federal right-to-sue period to commence a civil

action expires, or one year from the date of the right-to-sue

notice by the Department of Fair Employment and Housing,

whichever is later" (emphasis added), they argue:

> [T]he federal right-to-sue letter was never issued
> because the EEOC elected to pursue litigation.  In this
> circumstance, the charging party has the 'right' to
> intervene in the pending litigation.  The right to
> intervene thus supplants the purpose of the federal
> right-to-sue notice.  As long as the charging party has
> the right to intervene on the federal Title VII claim,
> the charging party should also have the right to pursue
> the state FEHA claim.

The Charging Parties/Intervenors argue that K5's position that

the tolling provision does not apply when the EEOC elects to file

litigation "is inconsistent with the plain language of the

14

1   statute which ... sets forth three specific criteria to trigger

2   tolling" and that the issuance of an EEOC right-to-sue letter is

3   not one of those criteria.  Noting that the purpose of the

4   tolling provision in Section 12965(d)(1) is to give the parties

5   the opportunity to engage in the administrative process and to

6   relieve a charging party from pursuing duplicative actions

7   simultaneously, citing *Downs, supra*, 55 Cal.App.4th at 1102, the

8   Charging Parties/Intervenors contend that K5's position penalizes

9   them for participating in the administrative process and allowing

10  the EEOC to explore an administrative resolution:

> Defendant's position rests solely on the fact of the
> EEOC electing to file litigation.  This decision is not
> one wherein Intervenors have any input, discretion or
> prior knowledge.  Despite the fact that the case may be
> under 'legal review,' the Intervenors cannot assume
> that such action will be taken.  The administrative
> processing of the EEOC is not completed until a
> decision is made regarding litigation.  If litigation
> is declined, the EEOC issues a right-to-sue notice and
> the party is given a minimum period of ninety (90) days
> to file both the state and federal claims.  If the EEOC
> elects to litigate, the time frame for the party is now
> controlled by the right to intervene.

18      The position of the Charging Parties/Intervenors is correct.

19  The tolling period set forth in Section 12965(d)(1) ends "when

20  the federal right-to-sue period to commence a civil action

21  expires, or one year from the date of the right-to-sue notice by

22  the Department of Fair Employment and Housing, whichever is

23  later."  The federal right-to-sue period to commence a civil

24  action expires 90 days after issuance by the EEOC of a notice of

25  right to sue.  K5's position that the "federal right-to-sue

26  period to commence a civil action" ran from the date the EEOC

27  notified the parties that conciliation had failed and that

28  litigation review was being conducted by the EEOC's Regional

15

1  Attorney is unsupported by any statute or regulation.  In *Lynn v.*

2  *Western Gillette, Inc.*, 564 F.2d 1282, 1286 (9th Cir. 1977), the

3  Ninth Circuit ruled:

4          The dispositive issue on this appeal is whether the
           statutory ninety-day period within which an aggrieved
5          party must file his private civil action is triggered
           by notification from the EEOC that conciliation efforts
6          have failed or by the formal Notice of Right to Sue
           letter.  We conclude that the ninety-day period does
7          not begin until the charging party receives a letter
           specifically informing him of his right to sue.

8

9          K5 notes that the Charging Parties/Intervenors never

10  requested a right-to-sue letter from the EEOC in order to bring

11  the claims alleged in the Complaint in Intervention in federal

12  court, despite the fact that they had the right to demand such

13  from the EEOC at any time after May 12, 2004.  In so contending,

14  K5 refers to 29 C.F.R. § 1601.28(a)(1) which provides that the

15  EEOC must issue a right-to-sue notice upon written request if the

16  charge of discrimination has been pending for more than 180 days.

17          In *Lynn*, *supra*, 564 F.2d at 1286-1287, the Ninth Circuit

18  commented:

19          Our determination of the type of notice necessary to
           begin the period in which a private action may be filed
20          does not imply that a plaintiff's lack of diligence in
           filing an action must be overlooked.  The Act provides
21          that an aggrieved party may request a Right to Sue
           letter from the Commission any time after 180 days
22          following the filing of the charge with the Commission.
           Particularly where the aggrieved party has consulted
23          counsel and is aware of this right, it becomes
           inequitable at some point for the employee to delay
24          filing suit.  The complainant should not be permitted
           to prejudice the employer by taking advantage of the
25          Commission's slowness in processing claims or by
           procrastinating while being aware that the Commission
26          intends to take no further action.  Under such
           circumstances, it is proper for the district court, in
27          the exercise of its equitable discretion, to take the
           plaintiff's lack of diligence into account in
28          determining the amount of back pay, if any, to be

16

1       awarded the plaintiff should he prevail on the merits.

2 However, in *Brown v. Continental Can Co.*, 765 F.2d 810, 814-815

3 (9th Cir. 1985), the Ninth Circuit held:

> Laches is an equitable doctrine.  Its application
> depends upon the facts of the particular case ... To
> establish laches the defendant must show both an
> unexcused or unreasonable delay by the plaintiff and
> prejudice to himself ... this Circuit has recognized
> that laches can be used as a defense against a private
> plaintiff in a Title VII suit ....

> Continental argues that *Boone v. Mechanical Specialties
> Co.*, [609 F.2d 956 (9th Cir. 1979)] is dispositive
> here.  In *Boone*, this circuit held that a private
> plaintiff's Title VII claims was barred by laches where
> there was a seven-year delay.  The court, however,
> emphasized that its holding stated the exception and
> not the general rule.  609 F.2d at 960.  The EEOC in
> that case had frequently informed the plaintiff that it
> would issue a right-to-sue letter to him and assist him
> in bringing an action in the courts.  The plaintiff,
> however, repeatedly refused these offers and the EEOC
> kept his file open at his request.  The plaintiff
> offered no excuse to the court for his seven-year delay
> and did not challenge the defendant employer's showing
> that it had been significantly prejudiced through no
> fault of its own by plaintiff's unexcusable delay.

> In the instant case, Brown did not deliberately delay
> seeking a right-to-sue letter.  Furthermore, he filed
> within ninety days of a valid right-to-sue letter.
> This circuit has recognized that EEOC delays are not to
> be charged against private plaintiffs and that
> complainants are not required to terminate the
> administrative process by requesting a notice of right-
> to-sue.  *See Bratton v. Bethlehem Steel Corp.*, 640 F.2d
> at 667 n.8.  'Ordinarily, if the EEOC retains control
> over a charge, a private party will not be charged with
> its mistakes."  *Gifford*, 685 F.2d at 1152.

23      Although these decisions are not dispositive of the issue

24 raised by K5, they demonstrate that Charging Parties/Intervenors

25 were not required to demand a right-to-sue letter from the EEOC

26 when the EEOC notified them that reconciliation had failed and

27 that the EEOC had forwarded the matter for litigation review.

28       With regard to K5's assertion that the Charging

1  Parties/Intervenors failed to act with reasonable diligence in

2  filing the Complaint in Intervention, they respond that the

3  Complaint in Intervention was filed within the time period

4  ordered by the Magistrate Judge and note that K5 did not oppose

5  their motion for intervention on this ground.  They further

6  argue:

> It is indeed incongruous to claim that the Title VII
> claim is timely and the FEHA claim (based on the same
> facts) is untimely when one of the important purposes
> underlying the tolling principle is the judicial
> economy.  Defendants' position would require parties to
> file FEHA claims in state court pending the EEOC
> administrative processing in order to avoid the risk
> that the tolling would be retroactively denied in the
> event EEOC elected to pursue litigation.

12  They further claim it not their fault that the EEOC took ten

13  months to decide whether to file the Complaint and that, had the

14  Charging Parties/Intervenors filed an FEHA claim in state court

15  during that ten month period, K5 "would now be objecting to

16  having to defend in two separate legal forums and the unnecessary

17  costs of multiple litigation."  Finally, they note that K5 has

18  pointed to no prejudice to it resulting from the alleged lack of

19  diligence.

20      K5 replies that Charging Parties/Intervenors will not be

21  penalized for having engaged in the administrative process and

22  allowing the EEOC to explore administrative resolution.

> The critical delay occurred _after_ the administrative
> process was complete, and there was no further hope of
> an administrative resolution.  Intervenors state that
> they had no input, discretion, or prior knowledge of
> the EEOC decision to sue K5, and assert that 'Despite
> the fact that the case may be under "legal review," the
> Intervenors cannot assume that such action will be
> taken.'  Intervenors actually make K5's point.
> Intervenors did not know if the EEOC would sue, and yet
> they did nothing to preserve their claims under the
> FEHA.  They could have, and should have, requested

1    their right to sue letter, and acted to preserve their
2    claims.

3    Charging Parties/Intervenors were entitled under Section
4    12965(b) to tolling of the limitation period until the EEOC
5    issued a notice of right to sue.  If the EEOC's litigation review
6    resulted in the decision to issue a notice of right to sue, the
7    tolling period would have terminated at that time and the
8    limitation period set forth in Section 12965(b)(2) would have
9    accrued.  There is nothing in the language of Section 12965(b)(2)
10   that supports an interpretation that the complaining party must
11   accelerate issuance of the notice of right to sue by requesting
12   that the EEOC issue one once the EEOC notifies the parties that
13   conciliation has failed.  A district court cannot rewrite a state
14   statute to impose conditions not specifically required by the
15   Legislature.

16   K5 further replies that, had Charging Parties/Intervenors
17   acted promptly when the EEOC filed this action, they could have
18   preserved their FEHA claims.  In so contending, K5 asserts that
19   the statute of limitations under the FEHA did not expire until
20   April 14, 2006, four months after the EEOC filed this action.  K5
21   asserts that Charging Parties/Intervenors chose to do nothing to
22   preserve their right to bring their FEHA claims:

23       Intervenors had any number of options other than filing
         their FEHA claims in state court to preserve those
24       claims; all that they had to do was act diligently
         either before the EEOC filed suit by requesting a right
25       to sue letter or after the EEOC filed this action by
         promptly intervening, but they did nothing.  There is
26       simply no reason or authority to extend tolling of the
         limitations period for FEHA causes of action without
27       limitation.

28   Although the statutory condition terminating tolling of the

1  FEHA limitation period did not occur (because the EEOC did not

2  issue a notice of right to sue), it nonetheless remains that

3  Charging Parties/Intervenors did not make any effort to intervene

4  until some months after the EEOC commenced this litigation.  It

5  is apparent that Charging Parties/Intervenors believe that their

6  right to intervene in an EEOC Title VII complaint carries with it

7  the right to include FEHA claims.  However, no authority is cited

8  for this position.  Pursuant to Rule 24(a)(1), Federal Rules of

9  Civil Procedure, Charging Parties/Intervenors only had a right to

10  intervene in the EEOC's Title VII claims.

11       Nonetheless, given that the statutory condition for

12  termination of the tolling period did not occur, there is no

13  legal basis for a claim that the FEHA claims are time-barred.  As

14  discussed *supra*, K5's contention that Charging

15  Parties/Intervenors had one year from the date of the DFEH notice

16  of right to sue to file their FEHA claims in court is contrary to

17  the express wording of Section 12965(d)(1).  K5 essentially

18  requests that additional terms be implied in the statute to cover

19  the situation where the EEOC determines to file litigation

20  against the employer under Title VII.  As noted *supra*, a federal

21  district court does not have this authority.  Here, because K5

22  raised no contention that Charging Parties/Intervenors' motion to

23  intervene in the Title VII claims alleged by the EEOC against K5

24  was not timely, K5 cannot logically argue that the motion to

25  intervene to bring the FEHA claims was untimely absent a

26  statutory provision precluding that intervention.  As noted, no

27  statutory provision is cited.

28       This result is consistent with the statutory purposes of

20

§ 12965(b), avoidance of unnecessary filings in state and federal courts, economy in centering the claims in one court, and the absence of prejudice because K5 had full notice of the claims and the ability to investigate.

This conclusion is bolstered by Judge Ishii's Order in *EEOC v. Harris Farms, Inc.*, No. 1:02-cv-6199 AWI LJO.   Judge Ishii addressed a motion to dismiss the FEHA claim filed by the intervenor under identical circumstances to those presented in this case.   Harris Farms argued that although the statute of limitations on the FEHA claim was tolled during the pendency of the EEOC investigation, the tolling expired on the later of one year after the DFEH provided her with a notice of right to sue or when the federal right to sue period to commence a civil action expired.   In rejecting this claim, Judge Ishii ruled in pertinent part:

> Although Defendant states that in [<u>EEOC v. Farmer Brothers</u>, 31 F.3d 891 (9th Cir. 1994)] the court 'held that the plaintiff's FEHA cause of action as tolled until February 20, 1988 (the date the EEOC initiated its lawsuit) and since her amendment related back to her original intervention, the FEHA amendment was timely, ...', this court is unable to locate any such language in the <u>Farmer Brothers</u> opinion.   Rather the Ninth Circuit references and relies on a prior ruling in <u>Salgado v. Atlantic Richfield Co.</u>, 823 F.2d 1322, 1326 (9th Cir. 1987) holding that the statute of limitations on a FEHA cause of action is tolled 'pending resolution of the EEOC investigation.'   This court can locate no language in the <u>Farmer Brothers</u> opinion regarding the <u>expiration</u> of the tolling period.   Thus, while the court finds that it would be reasonable for the tolling period to expire when the EEOC initiates a civil action, it is unconvinced that <u>Farmer Brothers</u> establishes a rule on this issue.

> Moreover ..., the only citation that Defendant provides for the concept that she had ninety days after the expiration of the tolling period to bring her FEHA claim is a citation to 42 U.S.C. section 2000e-5(f)(1) ... This statute establishes a ninety-day time period

applicable in certain situations, but it makes no mention of a ninety-day time period after the EEOC has commenced a civil action.  The court thus finds, that even if the tolling period expires on the date that the EEOC initiates a civil action, Defendant has not demonstrated that the federal right-to-sue period to commence a civil action expires ninety days later.  Because under Government Code section 12965(d) and (e) the time for filing an action for which the statute of limitations was tolled expires when the federal right-to-sue period expires or one year from the right-to-sue notice from the DFEH, whichever is <u>later</u>, and Defendant has not established when the federal right-to-sue period expires in this case, the court concludes that Defendant has failed to demonstrate that Intervenor's second claim for relief is barred by the statute of limitations.

The court is unaware of any authority on when the tolling period would expire in a case like this in which the EEOC conducts an investigation and then files a civil action without providing the employee with a right-to-sue letter, or how long the statute of limitations would be once it started running.  The court acknowledges that this apparent dearth of authority is surprising in light to the parties' need to have a statute of limitations by which to gauge the ability of an employee to intervene in an action such as this and to specify the factual basis for her claim.  However, without such authority, this court is unable to provide the parties with a ruling on these issues.  The court can only conclude that Defendants have not shown that they are entitled to dismissal of Intervenor's second claim for relief.

## CONCLUSION

Here, Defendant had specific notice of Plaintiff's intent to intervene as of right during February 2006, when the EEOC complaint under Title VII was filed.  At a May 4, 2006, Scheduling Conference, Magistrate Judge Goldner was advised and memorialized in her June 9, 2006, Scheduling Order that Charging Plaintiffs intended to intervene and they were given until August 8, 2006, to do so.  Plaintiffs moved to intervene June 20, 2006, Defendant did not oppose, and their motion to intervene was granted on August 18, 2006.  The Complaint in Intervention was

1   ordered filed August 23, 2006.  The § 12965(b) tolling

2   requirements were satisfied.  Limitations on the federal right-

3   to-sue period where no EEOC right-to-sue notice was issued is

4   undefined by statute.  The Defendant had full notice of the state

5   claim, knew it would be filed and has suffered no prejudice.  The

6   Complaint in Intervention was filed within six months of the

7   filing of the EEOC complaint.

8        Defendant's motion to dismiss the Second Claim for Relief

9   under state law is DENIED.

10

11  DATED:  October 27, 2006.

12

13                                    /s/ Oliver W. Wanger
                                   _____
14                                      OLIVER W. WANGER
                                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19  eeoc v. kovacevich order denying defs mtn to dismiss

20

21

22

23

24

25

26

27

28

                               23