1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9 EQUAL EMPLOYMENT OPPORTUNITY ) Case No. 1:06-cv-0165-OWW-TAG
COMMISSION, )
) ORDER DENYING IN PART
10 ) AND GRANTING IN PART
) DEFENDANT KOVACEVICH "5" FARMS'
11 Plaintiff, ) MOTION TO COMPEL DISCOVERY
)
Patricia Delgado, et al., )
12 ) (Docs. 73, 74)
Intervenors, )
13 )
)
v. )
14 )
KOVACEVICH "5" FARMS, )
15 A Partnership, )
)
16 Defendant. )
_____ )

17

18 **FACTUAL BACKGROUND**

19      On February 13, 2006, the Equal Employment Opportunity Commission ("EEOC"),

20 commenced this action on behalf of a class of women against defendant Kovacevich "5" Farms

21 ("Defendant").  (Doc. 1).  The complaint alleges unlawful employment practices on the basis of sex,

22 in violation of Title VII of the Civil Rights Act of 1964, as amended.  (Id.).  The original charging

23 parties were granted leave to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a),

24 and filed a separate complaint.  (Docs. 20, 26).  The gist of the complaints filed by the EEOC and the

25 intervenors (collectively, the "Plaintiffs") was that their applications for employment with Defendant

26 were denied because they were women and/or that they were deterred from applying due to

27 Defendant's reputation for not hiring females.  (Docs. 1, 26).

28

1

1    By order dated September 18, 2006, the issues of liability and damage were bifurcated.

2    (Doc. 31).  The bifurcation order reiterates the parties' stipulation not to seek discovery regarding the

3    Plaintiffs' immigration status or legal ability to work in this country during the liability phase of the

4    trial.  (Id.).  On October 5, the Court signed a stipulated protective order, pursuant to which the

5    parties agreed that any confidential information – including, inter alia, Social Security Numbers,

6    disclosed during the course of discovery, trial, or other case-related proceedings, would not be used

7    for any other purpose.  (Doc. 36).  The protective order further provided that this Court retained

8    jurisdiction to modify it for good cause and directed that all of the confidential materials would be

9    destroyed, with the exception of one archival copy that the EEOC would keep, upon complete

10   resolution of this action.  (Id.).

11   On April 9, 2007, Defendant received an email supplemental responses to the interrogatories

12   that are the subject of this motion, without a verification. On April 11, 2007, Defendant received an

13   email supplemental response to the request for production of documents, with an attached but

14   unsigned verification.  On April 11, 2007, Defendant received another email transmitting various

15   additional documents from Defendant EEOC's investigative file.  On April 11, 2007, Defendant

16   also received a signed verification dated March 9, 2007, purporting to verify supplemental responses

17   and second supplemental responses to its first set of interrogatories and/or a request for production of

18   documents. It is unclear which discovery request the verification applies to, because it appears to

19   verify a document  prepared after March 9, 2007.

20   Defendant filed a motion to compel discovery responses, which came on regularly for hearing

21   on May 7, 2007, before Magistrate Judge Theresa A. Goldner.  (Doc. 73).  Ronald H. Barsamian and

22   Patrick S. Moody appeared on behalf of Defendant.  Evangelina Hernandez appeared telephonically

23   on behalf of the EEOC.  In the motion, joint statement, and oral arguments, Defendant contended

24   that the EEOC continuously refused to answer completely the interrogatories served upon it, or to

25   provide documents that Defendant had requested, without an adequate reason, which the EEOC

26   disputed.  (Id.; Doc. 74).  The Court granted Defendant's motion and ordered the EEOC to provide

27   complete, verified responses to all of the interrogatories except number 2, which it took under

28

2

submission.  The Court further ordered the EEOC to produce all requested documents and/or provide a privilege log explaining the reason why specific documents were withheld.  (Doc. 77).  This is the Court's written order on the motion to compel discovery responses. (Doc. 73).

## ANALYSIS & DISCUSSION

### A.    Discovery overview

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### B.    Interrogatories

Functions of interrogatories include obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried.  United States v. West Virginia Pulp and Paper Co., 36 F.R.D. 250, 252 (S.D. N.Y. 1964).  The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a).  Fed. R. Civ. P. 33(b)(1) requires an interrogatory to be answered "fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." "The party upon whom the interrogatories have been served shall

1  serve a copy of the answers, and objections if any, within 30 days after the service of the

2  interrogatories." Fed. R. Civ. P. 33(b)(3).

3      "Parties must provide true, explicit, responsive, complete, and candid answers to

4  interrogatories." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996). If a responding

5  party is unable to supply requested information, "the party may not simply refuse to answer, but must

6  state under oath that he is unable to provide the information and 'set forth the efforts he used to

7  obtain the information.'" Hansel, 169 F.R.D. at 305 (quoting Milner v. National School of Health

8  Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)). Fed. R. Civ. P. 33 "is to be given a broad and liberal

9  interpretation in the interest of according to the parties the fullest knowledge of the facts and of

10  clarifying and narrowing the issues." West Virginia Pulp and Paper Co., 36 F.R.D. at 252.

11      "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground

12  not stated in a timely objection is waived . . ." Fed. R. Civ. P. 33(b)(4). The propounding party may

13  seek an order to compel further responses regarding "an objection to or other failure to answer an

14  interrogatory." Fed. R. Civ. P. 33(b)(5); see, Fed. R. Civ. P. 37(a)(B).

15  Interrogatory No. 1:

16      "Identify each of the ten proposed class members who will be the focus of the liability stage

17  of the trial in this case pursuant to the Order Bifurcating Trial."

18      The EEOC's responses to this interrogatory ultimately identified ten class members, but also

19  reserved the right to change its designation within 14 days of the District Court's decision on

20  motions for class certification (temporal scope of the class) and for summary adjudication on the

21  temporal scope of claims. Since the date of those responses, the District Court has ruled on both

22  motions.

23      Defendant is entitled to conduct meaningful, reliable discovery regarding the designated class

24  representatives to explore the individual claims of each of them. The Court concludes that the

25  EEOC has failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to

26  provide an explicit, responsive, complete, candid, and verified answer to Interrogatory No. 1. The

27  Court GRANTS Defendant's motion to compel an answer to this interrogatory. The objections to

28

1   this interrogatory are overruled.  The EEOC is to provide an explicit, responsive, complete, candid,

2   and verified answer to this interrogatory regarding each representative class member, within 30

3   calendar days.

4   Interrogatory No. 2:

5       "For each person identified in response to Interrogatory No. 1 and for the Charging Parties,

6   please provide each name, drivers' license number with issuing jurisdiction and Social Security

7   number used by each during the last ten years (September 1996 to present), and the inclusive dates of

8   such use."

9       Defendant's Interrogatory No. 2 asks the EEOC to provide the name, drivers' license number

10  (and issuing jurisdiction), and Social Security number used by each of the ten class representatives

11  and the charging parties since September 1996 to the present.  In November 2006, the EEOC refused

12  to answer the question, stating that the interrogatory was unduly burdensome, irrelevant to any

13  claims or defenses, not calculated to lead to the discovery of any admissible evidence, an invasion of

14  privacy, harassing, and an improper inquiry into the Plaintiffs' immigration status.  In its

15  supplemental and first supplemental responses to interrogatories, the EEOC gave the same answer to

16  this interrogatory.  On April 9, 2007, the EEOC, in its second supplemental response, in addition to

17  stating that Defendant was not entitled to inquire into Plaintiffs' immigration status, contended that

18  Defendant's alleged necessity for this information – that it was needed to investigate Plaintiffs'

19  backgrounds and work history to ascertain whether they were qualified for and/or deterred from

20  applying for a job – not only had was unpersuasive but also implicated immigration issues and,

21  therefore, the probative value of the data was far outweighed by its potential prejudicial effect.

22  Defendant responded that it had no interest in Plaintiffs' immigration status  – only their identifying

23  information – which was required because Plaintiffs would not or, purportedly, could not provide

24  sufficient details concerning their prior work experience.  The EEOC replied that, to the extent the

25  information is needed, it would only be relevant during the damages phase of the trial, adding that it

26  would provide a backdoor to eliciting Plaintiffs' immigration status, which would have a "chilling

27  effect" on immigrants seeking legal recourse for violations of their rights.  (See generally Joint

28                                                    5

1    Statement of Contentions Regarding Motion to Compel ("Joint Stmt."), pp. 11-23).

2         Generally, the Ninth Circuit and other federal courts do not allow defendants in employment-

3    discrimination actions to question plaintiffs directly about their immigration status or to seek the

4    disclosure of Social Security numbers or similar identifying information that could lead to the

5    discovery of the plaintiffs' immigration status, even when a protective order has been entered and the

6    defendants purportedly have requested the information solely to obtain additional material relevant to

7    their defense.[1]  Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004); Avila-Blum v. Casa de

8    Cambio Delgado, Inc., 236 F.R.D. 190 (S.D.N.Y. 2006); Galaviz-Zamora v. Brady Farms, Inc., 230

9    F.R.D. 499 (W.D. Mich. 2005).   In Nibco, the Circuit Court noted that information regarding

10   immigration status not only would "chill the plaintiffs' willingness and ability to bring civil rights

11   claims."  364 F.3d at 1064 (citation omitted).  The Court added that all immigrants would be loathe

12   to report incidents of employment discrimination because any undocumented aliens might be

13   prosecuted and removed because of their illegal status, and documented immigrations likely would

14   fear retaliation or implicating family members and/or friends who were illegal aliens.  Id. at 1064-65.

15   Further, the presence of a protective order would not be able to provide adequate relief to an

16   immigrant who was either imprisoned and deported or retaliated against by the employer and, thus,

17   the disclosure of immigration status would not serve the purpose of Title VII; i.e., to eradicate and

18   deter the various bases of employment discrimination.  Id.  at 1064-66.  Finally, this Circuit, and

19   various district court opinions, found that a plaintiff's immigration status generally was irrelevant to

20   the issue of liability in most employment cases, and questions directed toward discovery of an

21   immigrant's legal right to work in the United States were not only unduly burdensome, but

22   prejudicial.  Id. at 1066-70 (Title VII); Avila-Blum, 236 F.R.D. at 191-92 (finding, in bifurcated Title

23   VII action, that immigration status was relevant only with respect to damages); Galaviz-Zamora, 230

24   F.R.D. at 502-03 (Fair Labor Standards Act).

25

26         [1] The cited cases, as do most opinions that address a defendant's right to request similar information,
     are presented in connection with motions for, or to modify, protective orders, as opposed to the instant case's
27   motion to compel responses to discovery

28                                                        6

1  Recognizing that, in an employment discrimination case, the plaintiff's work history may be

2  relevant to the defense, especially, as in the instant case, where Defendant contends that they require

3  experience in varying areas of pruning the agricultural product and there is some question as to

4  whether or not the "deterred" Plaintiffs actually were interested in the available positions, some

5  Courts have agreed to a compromise wherein Plaintiffs would provide affidavits detailing their past

6  work experience. See, e.g., Galaviz-Zamora, 230 F.R.D. at 502-03 (agreeing to the above

7  compromise but retaining jurisdiction to revisit the defendant's request for plaintiffs' Social Security

8  numbers, alien registration numbers, etc., if the affidavits did not provide sufficient information

9  regarding past work history).

10  In the instant case, Defendant contends that it will use Plaintiffs' Social Security and drivers'

11  license numbers solely to obtain information regarding their work histories.  As the EEOC notes,

12  it is difficult to fathom how Defendant will be able to obtain the underlying employment history

13  absent Plaintiffs' written consent.  Moreover, many of the interrogatories that Defendant

14  propounded,  and the EEOC has not answered completely as of  today, request specific information

15  regarding, inter alia, the employment history, periods of disability, and experience of the class

16  representatives and the charging parties.  (See Joint Stmt., Interrogatories 10 through 16, pp. 45-71).

17  Because this Court orders the EEOC to provide detailed responses to these interrogatories,

18  Defendant should receive the work-related information that it hoped to obtain through Interrogatory

19  No. 2.  If the EEOC does not provide full and complete answers to Interrogatories 10 through 16, the

20  Court will, upon motion, revisit whether to grant Defendant's motion to compel responses to

21  Interrogatory No. 2.

22  Based on the foregoing, the Court DENIES Defendant's motion to compel an answer to

23  Interrogatory No. 2, without prejudice.

24  Interrogatory No. 3:

25  "For each person identified in your response to Interrogatory No. 1 and for the Charging

26  Parties, state each address where each person has resided for the last ten years (September 1996 to

27  present), and the inclusive dates of each period of occupancy."

28

7

1  In response to this interrogatory, the EEOC has added additional representative claimants

2  with some addresses, but not for the last ten years, and failed to provide a contemporaneous

3  verification.   The Court concludes that the EEOC failed to comply with its discovery obligations

4  under Fed. R. Civ. P. 33 by failing to provide a complete and verified answer to Interrogatory No. 3.

5  The Court GRANTS Defendants' motion to compel an answer to this interrogatory.  The objections

6  to this interrogatory are overruled.  The EEOC is to provide an explicit, responsive, complete,

7  candid,  and verified answer to this interrogatory regarding each charging party and representative

8  class member, within 30 calendar days.  The EEOC is to provide each known address and dates of

9  residence for the past ten (10) years, and is to specifically identify any requested information which it

10  does not know and set forth the efforts used to obtain the information.

11  Interrogatory No. 4:

12  "For each person identified in your response to Interrogatory No. 1 and for the Charging

13  Parties, state the highest level of education reached by each person and each educational institution

14  attended, including the inclusive dates of each period of attendance an at an educational institution."

15  The responses to Interrogatory No. 4 failed to identify the educational institutions attended

16  and the dates of attendance, and did not include a contemporaneous verification.  The Court

17  concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by

18  failing to provide a complete and verified answer to this interrogatory. The Court GRANTS

19  Defendants' motion to compel an answer to this interrogatory.  The objections to this interrogatory

20  are overruled.  The EEOC is to provide an explicit, responsive, complete, candid,  and verified

21  answer to this interrogatory regarding each charging party and representative class member, within

22  30 calendar days.  The EEOC is to specifically identify any requested information which it does not

23  know and set forth the efforts used to obtain the information.

24  Interrogatory No. 5:

25  "For each person identified in your response to Interrogatory No. 1 and for the Charging

26  Parties, state whether each has ever been convicted of a felony.  If the answer is yes, please provide

27  the charge offense(s), the conviction offense(s), the adjudicating court, the date of conviction, the

28

date of sentencing, and the sentence imposed."

In response to Interrogatory No. 5, the EEOC denied that any charging party and representative class member has been convicted of a felony, but failed to verify its response. Accordingly, the Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.  The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days.

Interrogatory No. 6:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, state whether each has been incarcerated at any time for any reason during the last ten years (September 1996 to present), and provide the inclusive dates of such incarceration and the location of such incarceration."

In response to Interrogatory No. 6,  the EEOC denied that any charging party and representative class member has been incarcerated, but failed to verify its response.  Accordingly, the Court concludes the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a complete and verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.  The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days.

Interrogatory No. 7:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, state whether each has any family relationship to any present or ast employee of Kovacevich "5" Farms.  For each who answers yes, provide the name of such individual and the degree of relation to such person."

The EEOC answered Interrogatory No. 7 without a contemporaneous verification.

9

Accordingly, the Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory. The objections to this interrogatory are overruled. The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days.

Interrogatory No. 8:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, state whether they have ever worked for Kovacevich "5" Farms, and if so, the inclusive dates of such employment (including the dates of any period of layoff or absence), and the reason for any period of separation from such employment."

The response to Interrogatory No. 8 included complete answers as to some representative class members, i.e., Ms. Miriam Delgado, and incomplete or vague answers as to others, i.e., Ms. Patricia Delgado and Ms. Rachel Ramirez. The answers were incomplete and vague because they failed to specify the dates or seasons of employment, layoff, or absence. In addition, no contemporaneous verification was provided. Accordingly, the Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a complete and verified answer to this interrogatory.

The Court GRANTS Defendant's motion to compel an answer to this interrogatory. The objections to this interrogatory are overruled. The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days. The EEOC is to provide specific seasons and/or time periods worked, as well as periods of layoff or absence, and is to specifically identify any information which it does not know and set forth the efforts used to obtain such information.

Interrogatory No. 9:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, state whether they have ever applied for work at Kovacevich "5" Farms. If so, identify the

10

date of each application, the manner in which the application was made, and the person to whom the application was made."

The response to Interrogatory No. 9 indicated that Ms. Cazarez, Ms. Salcido, and Ms. Casas applied for employment on various occasions between 1998 to 2002, but described only one incident in early 1998, and the response as to other intervenors failed to include the date, manner, or circumstance of the subject applications.  In addition, the answers were not verified when made.  The Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide an explicit, responsive, complete, candid, and verified answer to this interrogatory.   The Court GRANTS Defendant's motion to compel an answer to this interrogatory. The  objections to this interrogatory are overruled.  The EEOC is to provide an explicit, responsive, complete, candid,  and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days, and is to specifically identify any information which it does not know and set forth the efforts used to obtain such information.

Interrogatory No. 10:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, state which position or positions were sought at the time of each application for work at Kovacevich "5" Farms, and describe in detail each person's qualifications for each position sought."

In response to Interrogatory No. 10, the EEOC asserts there are no applicable qualifications and thus none were included.  Defendant is entitled to discover whether the applicants were qualified to do the work sought, which includes whether and to what extent they were trained and/or experienced to do the work sought.  The Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide an explicit, responsive, complete, candid, and verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.  The EEOC is to provide an explicit, responsive, complete, candid,  and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar

11

1  days, is to specifically identify any information which it does not know, and set forth the efforts used

2  to obtain such information.

3  Interrogatory No. 11:

4      "For each person identified in your response to Interrogatory No. 1 and for the Charging

5  Parties, state the date of each application for employment with any employer in the last ten years

6  (September 1996 to present), the name and address of the employer, the position sought, the

7  compensation sought, and describe in detail all qualifications for the position sought."

8      The response to Interrogatory No. 11 failed to provide identifying information for any

9  employer other than Defendant, with respect to Ms. Flor Vera, Ms. Patricia Delgado, and

10  Ms. Miriam Delgado, and failed to provide a contemporaneous verification.  The Court concludes

11  that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to

12  provide a complete and verified answer to this interrogatory. The Court GRANTS Defendants'

13  motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.

14  The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging

15  party and representative class member, within 30 calendar days, is to specifically identify any

16  information which it does not know, and set forth the efforts used to obtain such information.

17  Interrogatory No. 12:

18      "For each person identified in your response to Interrogatory No. 1 and for the Charging

19  Parties, describe all efforts made by each to obtain work in the last ten years (September 1996 to

20  present), and identify all documents produced, created, or obtained in the course of such efforts."

21      The response to Interrogatory No. 12 provided no information regarding the representative

22  class members.  The Court concludes that the EEOC failed to comply with its discovery obligations

23  under Fed. R. Civ. P. 33 by failing to provide a complete answer to this interrogatory. The Court

24  GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this

25  interrogatory are overruled.  The EEOC is to provide an explicit, responsive, complete, candid,  and

26  verified answer to this interrogatory regarding each charging party and representative class member,

27  within 30 calendar days, is to specifically identify any information which it does not know, and set

28

1  forth the efforts used to obtain such information.

2  Interrogatory No. 13:

3      "For each person identified in your response to Interrogatory No. 1 and for the Charging

4  Parties, list each employer for whom each individual has performed work for the last ten years

5  (September 1996 to present).  Include the name and location of the employer, inclusive dates in each

6  position, the job classification held, the rate(s) of pay during the period of employment, all earnings,

7  and the reason that the employment ended."

8      The response to Interrogatory No. 13 failed to provide the total earnings for each job for

9  Ms. Delia Casas, failed to provide the employer name(s) or locations or the earnings for

10 Ms. Miriam Delgado, failed to provide the total earnings for Ms. Cazarez, failed to provide the dates

11 or seasons of employment, employer name(s), or earnings information for Ms. Patricia Delgado,

12 failed to provide the compensation, total earnings, or dates or seasons of employment for Ms. Terri

13 Salcido, failed to provide the dates or seasons of employment, employer name(s), or earnings

14 information for Ms. Flor Rivera, and failed to provide a contemporaneous verification.

15     The Court concludes that the EEOC failed to comply with its discovery obligations under

16 Fed. R. Civ. P. 33 by failing to provide a complete and verified answer to this interrogatory. The

17 court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to

18 this interrogatory are overruled.  The EEOC is to provide a complete and verified answer to this

19 interrogatory regarding each charging party and representative class member, within 30 calendar

20 days.  In providing such an answer, the EEOC is to respond to each category of information sought in

21 the interrogatory, specifically identify any information which it does not know, and set forth the

22 efforts used to obtain such information.

23 Interrogatory No. 14:

24     "For each person identified in your response to Interrogatory No. 1 and for the Charging

25 Parties, state whether she had been self-employed at any time in the last ten years (September 1996

26 to present).  If yes, then provide the dates of any such self-employment and the nature of the

27 activities performed, and all earnings for each period of self-employment."

28

13

1    The response to Interrogatory No 14 did not include a contemporaneous verification.  The

2    Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P.

3    33 by failing to provide a verified answer to this interrogatory. The Court GRANTS Defendant's

4    motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.

5    The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging

6    party and representative class member, within 30 calendar days.

7    Interrogatory No. 15:

8        "For each person identified in your response to Interrogatory No. 1 and for the Charging

9    Parties, identify any period of unemployment and/or disability in the last ten years (September 1996

10   to present), the reason for such unemployment, and whether the person filed a claim for

11   Unemployment Insurance Benefits, State Disability Insurance Benefits, Workers' Compensation

12   Benefits, and any other state or private benefit related to such period of unemployment and/or

13   disability."

14       The EEOC  did not answer Interrogatory No. 15, but indicated that it is in the process of

15   doing so.   The Court concludes that the EEOC has failed to comply with its discovery obligations

16   under Fed. R. Civ. P. 33 by failing to provide an explicit, responsive, complete, candid, and verified

17   answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this

18   interrogatory.  The objections to this interrogatory are overruled.  The EEOC is to provide an

19   explicit, responsive, complete, candid,  and verified answer to this interrogatory regarding each

20   charging party and representative class member, within 30 calendar days, is to specifically identify

21   any information which it does not know, and set forth the efforts used to obtain such information.

22   Interrogatory No. 16:

23       "For each person identified in your response to Interrogatory No. 1 and for the Charging

24   Parties, state whether she claims she was deterred from applying for work at Kovacevich "5" Farms,

25   and if so, state all facts that support such deterrence, including but not limited to the date of such

26   deterrence, and identify any documents related to such deterrence."

27   ///

28                                        14

In response to Interrogatory No. 16, the EEOC provided a collective group response, but failed to provide a detailed response as to each charging party and representative class member, and it failed to provide a contemporaneous verification. The Court concludes that the EEOC  failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide an explicit, responsive, complete, and verified answer to this interrogatory. The Court GRANTS Defendants' motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled. The EEOC is to provide an explicit, responsive, complete  and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days, is to specifically identify any information which it does not know, and set forth the efforts used to obtain such information.

Interrogatory No. 17:

"For each person identified in your response to Interrogatory No. 1 and for the Charging Parties, describe in detail all methods used to learn of job openings at Kovacevich "5" Farms."

The response to Interrogatory No. 17 did not include a contemporaneous verification. The Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled. The EEOC is to provide a complete and verified answer to this interrogatory regarding each charging party and representative class member, within 30 calendar days.

Interrogatory No. 18:

"State the percentage of the Kovacevich "5" Farms workforce that You believe should be female, and state all facts supporting this percentage."

The EEOC did not answer Interrogatory No. 18, and objected that it was propounded prematurely, i.e. before expert disclosures are made.  The Court concludes that the EEOC failed to comply with its discovery obligations under Fed. R. Civ. P. 33 by failing to provide a candid and verified answer to this interrogatory. The Court GRANTS Defendant's motion to compel an answer to this interrogatory.  The objections to this interrogatory are overruled.  The EEOC is to provide a

1  candid and verified answer to this interrogatory, providing its best estimate at this time, within 30

2  calendar days.

3  Interrogatory No. 19:

4       "For each person identified in your response to Interrogatory No. 1 and for the Charging

5  Parties, state any and all facts which You assert support Your allegation that any Defendant violated

6  Title VII of the Civil Rights Act of 1964, including a description of each alleged violation and the

7  specific dates of those violations."

8       In its initial response to Interrogatory No. 19, the EEOC failed to provide detailed facts.

9  However, its April 2007 supplemental response provided some specific facts, but did not appear to

10  be verified. The Court concludes that the EEOC failed to comply with its discovery obligations under

11  Fed. R. Civ. P. 33 by failing to provide a complete and verified answer to this interrogatory. The

12  Court GRANTS Defendants' motion to compel an answer to this interrogatory.  The objections to

13  this interrogatory are overruled.  The EEOC is to provide a complete and verified answer to this

14  interrogatory regarding each charging party and representative class member, within 30 calendar

15  days, is to specifically identify any information which it does not know, and set forth the efforts used

16  to obtain such information.

17  **C.    Requests for Production of Documents**

18       Fed. R. Civ. P. 34(a) permits a requesting party to ask for documents "which are in the

19  possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(b)

20  requires a written response to a request for production to "state, with respect to each item or

21  category, that inspection and related activities will be permitted as requested, unless the request is

22  objected to, in which event the reasons for the objection shall be stated."  A party is obligated to

23  produce all specified relevant and nonprivileged documents or other things which are in its

24  "possession, custody or control" on the date specified in the request. Fed. R. Civ. P. 34(a); Norman

25  Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W.D. Pa. 1983).  The

26  propounding party may seek an order for further disclosure regarding "any objection to or other

27  failure to respond to the request or any part thereof, or any failure to permit inspection requested."

28                                         16

1  Fed. R. Civ. P. 34(b).  Failure to respond to a Rule 34 request within the time permitted waives all

2  objections, including privilege and work product, absent an extension of time to respond or a

3  showing of good cause.  Fed. R. Civ. P. 34(b)(4), <u>Richmark Corp. V. Timber Falling Consultants</u>,

4  959 F.2d 1468, 1473 (9th Cir. 1992).

5  <u>Request for Production of Documents No. 1</u>:

6  "Produce all Documents relevant to any claims by any class members against the Defendant

7  that were not produced as part of the Initial Disclosure required by FRCP 26."

8  The Court GRANTS IN PART AND DENIES IN PART, Defendant's motion to compel this

9  request, and overrules in part the objections to this request, as follows: The EEOC is to produce all

10 responsive documents, except those which it contends are not subject to disclosure under 42 U.S.C.

11 § 2000(e)(5)(b), within 30 calendar days.  The EEOC shall identify any documents which are not

12 produced on a new privilege log.  If Defendant feels that any documents which are not produced are

13 not subject to 42 U.S.C. § 2000(e)(5)(b), Defendant may file another motion to compel.  The EEOC

14 shall provide a new single comprehensive response to this request, including a new verification of

15 the response, and shall reproduce any documents which may have been produced previously, along

16 with any additional documents that should be produced.

17 <u>Request for Production of Documents No. 2</u>:

18 "Produce all Documents pertaining to or related to the investigation of EEOC Charge

19 numbers 375-2004-00158 (Patricia Delgado); 375-2004-00159 (Myriam Cazares); 375-2004-00160

20 (Flor Rivera); 375-2004-00161 (Miriam Delgado);  375-2004-00162 (Terri Salcido); 375-2004-

21 00163 (Delia Casas)."

22 The Court GRANTS IN PART AND DENIES IN PART, Defendant's motion to compel with

23 this request, and overrules in part the objections to this request, as follows: the EEOC is to produce

24 all responsive documents, except those which it contends are not subject to disclosure under

25 42 U.S.C. § 2000(e)(5)(b), within 30 calendar days.  The EEOC shall identify any documents which

26 are not produced on a new privilege log.  If Defendant feels that any documents which are not

27 produced are not subject to 42 USC § 2000(e)(5)(b), Defendant may file another motion to compel

28

17

1   discovery.    The EEOC shall provide a new single comprehensive response to this request, including

2   a new verification of the response, and shall reproduce any documents which may have been

3   produced previously, along with any additional documents that should be produced.

4   Request for Production of Documents No. 3:

5        "Produce all Documents pertaining to the Charging Parties' employment with Kovacevich

6   "5" Farms."

7        The Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel this

8   request. The objections to this request are sustained; however an updated and comprehensive

9   privilege log and corresponding of produced documents must be provided.  Accordingly, except for

10  such documents that are subject to the attorney-client privilege, work-product, or would result in the

11  disclosure of governmental deliberative process, the EEOC is to produce all responsive documents,

12  along with a list of all documents being produced, within 30 calendar days.  If there are no

13  documents to be produced, Plaintiff is to clearly and unambiguously state that fact.  Plaintiff shall

14  provide a new single comprehensive response to this request, including a new verification of the

15  response, and shall reproduce any documents which may have been produced previously, along with

16  any additional documents that should be produced.

17  Request for Production of Documents No. 4:

18       "Produce all Documents pertaining to employment with Kovacevich  "5" Farms" for the ten

19  class members who will be the focus of the liability phase of this litigation."

20       The Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel this

21  request. The work-product, attorney-client privilege, and governmental deliberative process

22  objections are sustained; all other objections are overruled. Accordingly, except for such documents

23  that are subject to the attorney-client privilege, work-product, or would result in the disclosure of

24  governmental deliberative process, the EEOC is to produce all responsive documents, along with a

25  list of all documents being produced, within 30 calendar days.  If there are no documents to be

26  produced, the EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new

27  single comprehensive response to this request, including a new verification of the response, and shall

28

18

reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 5:

"Produce all Documents pertaining to the Charging parties' applications for employment at Kovacevich "5" Farms within the last ten years (September 1996 to present)."

The Court GRANTS Defendant's motion to compel this request. The objections to this request are overruled. The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days. If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact. The EEOC  shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 6:

"Produce all Documents pertaining to applications for employment at Kovacevich  "5" Farms within the past ten years (September 1996 to present) by the ten class members who will be the focus of the liability phase of this litigation."

The Court GRANTS Defendant's motion to compel this request. The objections to this request are overruled. The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days. If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact. The EEOC shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 7:

"Produce all Documents pertaining to the Charging Parties' applications for employment with any employer within the past ten years (September 1996 to present), including but not limited to job applications, job offers and/or denials, or any other documents."

1    The Court GRANTS Defendants' motion to compel this request. The objections to this

2    request are overruled. The EEOC is to produce all responsive documents, along with a list of all

3    documents being produced, within 30 calendar days. If there are no documents to be produced, the

4    EEOC is to clearly and unambiguously state that fact. The EEOC shall provide a new single

5    comprehensive response to this request, including a new verification of the response, and shall

6    reproduce any documents which may have been produced previously, along with any additional

7    documents that should be produced.

8    Request for Production of Documents No. 8:

9    "Produce all documents pertaining to applications for employment with any employer within

10   the past ten years (September 1996 to present) by the ten class members who will be the focus of the

11   liability phase of this litigation, including but not limited to job applications, job offers and/or

12   denials, or any other documents."

13   The Court GRANTS Defendant's motion to compel this request. The objections to this

14   request are overruled. The EEOC is to produce all responsive documents, along with a list of all

15   documents being produced, within 30 calendar days. If there are no documents to be produced, the

16   EEOC is to clearly and unambiguously state that fact. The EEOC shall provide a new single

17   comprehensive response to this request, including a new verification of the response, and shall

18   reproduce any documents which may have been produced previously, along with any additional

19   documents that should be produced.

20   Request for Production of Documents No. 9:

21   "Produce all documents pertaining to applications for employment with any employer within

22   the past ten years (September 1996 to present) for each of the Charging Parties, including but not

23   limited to employee handbooks, job descriptions, performance evaluations, disciplinary records,

24   termination or layoff notices, or any other documents received or provided in the course of

25   employment."

26   The Court GRANTS IN PART AND DENIES IN PART Defendant's's motion to compel

27   this request. The Court sustains the objections on the grounds that the request is unduly overboard

28

and likely irrelevant as to "employee handbooks" and "any other documents received or provided in the course of employment."  As to the remainder of the documents requested, the Court GRANTS Defendants' motion to compel, and overrules the remaining objections.  The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days.  If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 10:

   "Produce all documents pertaining to any employment with any employer during the last ten years (September 1996 to present) for each of the ten class members who will be the focus of the liability phase of this litigation, including but not limited to employee handbooks, job descriptions, performance evaluations, disciplinary records, termination or layoff notices, or any other documents received or provided in the course of employment."

   The Court GRANTS IN PART AND DENIES IN PART Defendant's motion to compel this request.  The Court sustains the objections on the grounds that the request is unduly overboard and likely irrelevant as to "employee handbooks" and "any other documents received or provided in the course of employment."  As to the remainder of the documents requested, the Court GRANTS Defendant's motion to compel,  and overrules the remaining objections.  The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days.  If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 11:

   "Produce all W-2 and/or IRS 1099 forms for each of the Charging Parties for the last ten years (September 1996 to present)."

1    The Court GRANTS Defendant's motion to compel this request.  The objections to this

2    request are overruled.  The EEOC is to produce all responsive documents, along with a list of all

3    documents being produced, within 30 calendar days.  If there are no documents to be produced, the

4    EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single

5    comprehensive response to this request, including a new verification of the response, and shall

6    reproduce any documents which may have been produced previously, along with any additional

7    documents that should be produced.

8    Request for Production of Documents No. 12:

9    "Produce all W-2 and/or IRS 1099 forms for each of the ten class members who will be the

10   focus of the liability phase of this litigation for the last ten years (September 1996 to present)."

11   The Court GRANTS Defendant's motion to compel this request.  The objections to this

12   request are overruled.  The EEOC is to produce all responsive documents, along with a list of all

13   documents being produced, within 30 calendar days.  If there are no documents to be produced, the

14   EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single

15   comprehensive response to this request, including a new verification of the response, and shall

16   reproduce any documents which may have been produced previously, along with any additional

17   documents that should be produced.

18   Request for Production of Documents No. 14:

19   "Produce all documents pertaining to the qualifications of each of the ten class members who

20   will be the focus of the liability phase of this litigation to work at Kovacevich 5" Farms."

21   The Court GRANTS Defendant's motion to compel this request.  The objections to this

22   request are overruled.  The EEOC is to produce all responsive documents, along with a list of all

23   documents being produced, within 30 calendar days.  If there are no documents to be produced, the

24   EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single

25   comprehensive response to this request, including a new verification of the response, and shall

26   reproduce any documents which may have been produced previously, along with any additional

27   documents that should be produced.

28

Request for Production of Documents No. 15:

  "Produce all documents pertaining to each period of unemployment and/or disability for each of the Charging Parties within the last ten years (September 1996 to present)."

  The Court GRANTS Defendant's motion to compel this request.  The objections to this request are overruled.  The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days.  If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.

Request for Production of Documents No. 16:

  "Produce all documents pertaining to each period of unemployment and/or disability for each of the ten class members who will be the focus of the liability phase of this litigation within the last ten years (September 1996 to present)."

  The Court GRANTS Defendant's motion to compel this request.  The objections to this request are overruled.  The EEOC is to produce all responsive documents, along with a list of all documents being produced, within 30 calendar days.  If there are no documents to be produced, the EEOC is to clearly and unambiguously state that fact.  The EEOC shall provide a new single comprehensive response to this request, including a new verification of the response, and shall reproduce any documents which may have been produced previously, along with any additional documents that should be produced.


IT IS SO ORDERED.

Dated: __June 1, 2007__       ___/s/ Theresa A. Goldner____
_____               UNITED STATES MAGISTRATE JUDGE