**WILLIAM R. TAMAYO, SBN 084965**
**DAVID F. OFFEN-BROWN, SBN 063321**
**EVANGELINA FIERRO HERNANDEZ SBN 168879**
**LINDA ORDONIO-DIXON, SBN 172830**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657

MARCOS CAMACHO, SBN 123501
Law Offices of MARCOS CAMACHO
P.O. Box 9009
Bakersfield, CA 93389-9009
Telephone: (661) 324-8100
Facsimile: (661) 324-8103

Attorneys for Plaintiff Intervenors

ROBERT THOMAS OLMOS, SBN 54247
ALLRED MAROKO & GOLDBERG
6300 Wilshire Blvd #1500
Los Angeles, CA 90048
Telephone: (323) 653-6530
Facsimile: (323) 653-1660

Attorneys for Plaintiff Intervenors

RONALD H. BARSAMIAN, SBN 381531
PATRICK MOODY, #156928
BARSAMIAN & MOODY
A Professional Corporation
Attorneys at Law
1141 West Shaw Avenue, Suite 104
Fresno, California 93711-3704
Telephone: (559) 248-2360
Facsimile: (559) 248-2370

Attorneys for Defendant
Kovacevich "5" Farms

**CONSENT DECREE**
CV-06-00165 OWW TAG

PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> Plaintiff, <br><br> and <br><br> **DELIA CASAS, MYRIAM CAZARES, MIRIAM DELGADO, PATRICIA DELGADO, FLOR RIVERA and TERRI SALCIDO,** <br><br> **Plaintiff Intervenors** <br><br> v. <br><br> **KOVACEVICH "5" FARMS, A Partnership,** <br><br> **Defendant.** | **CIV. NO. CV-06 00165 OWW TAG** <br><br> **CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex (female) and to make whole Patricia Delgado, Myriam Cazarez, Flor Rivera, Miriam Delgado, Terry Salcido, Delia Casas, and a class of rejected female farm workers and deterred female farm workers who were allegedly denied employment during the period and who were allegedly aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendant KOVACEVICH "5" FARMS, a partnership (hereinafter "K-5" or "Defendant") unlawfully failed to hire Patricia Delgado, Myriam Cazarez, Flor Rivera, Miriam Delgado, Terry Salcido, Delia Casas, and a class of rejected female farm workers and deterred female farm workers because of their sex. Each of the named individuals intervened alleging claims of discrimination based on sex (female) under Title VII, the California

PDF created with pdfFactory trial version www.pdffactory.com

Fair Employment and Housing Act (FEHA) and other California laws. Plaintiff Intervenors filed a motion for class certification pursuant to FRCP Rule 23(a) and (b)(2) to represent a class of rejected female farm workers and deterred female farm workers who were denied employment during the period in violation of Title VII and FEHA. The Court deferred ruling on said motion which is still pending before the Court. Defendant denied all the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission, Plaintiff Intervenors Patricia Delgado, Myriam Cazarez, Flor Rivera, Miriam Delgado, Terry Salcido, and Delia Casas, and Defendant (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be fully and finally resolved by entry of this stipulated Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit.

This Consent Decree resolves all claims arising out of EEOC Charge Nos. 375-2004-00158; 375-2004-00159; 375-2004-00160; 375-2004-00161; 375-2004-00162; 375-2004-00163 and the complaint filed in the Lawsuit, and constitutes a complete resolution of all claims of discrimination based on sex (female) under Title VII that were made or could have been made by the Commission in this Lawsuit. This also constitutes a complete resolution of all claims of discrimination based on sex (female) under Title VII, FEHA or any other state law claims that were made or could have been made by the Plaintiff Intervenors, who were represented by counsel, in this Lawsuit. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent

**CONSENT DECREE**
**CV-06-00165**                                                3.

PDF created with pdfFactory trial version www.pdffactory.com

Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

## I. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. The Commission and Defendant will each bear their own costs and attorney fees in this action.

## II. NON-ADMISSION OF LIABILITY

Nothing in this Agreement shall be interpreted or construed as an admission of liability by Defendant. Defendant specifically denies all of the Commission's and Plaintiffs'/Intervenors' allegations, and denies that it is liable in any amount, under any theory.

## III. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION

4. **Sex Discrimination**: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, K-5, and its officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from: (a) discriminating against persons on the basis of sex in the hiring and/or terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended to, or is known to them, to have the effect of deterring any applicant or denying hire to any applicant on the basis of sex; or (c) creating, facilitating or permitting, to the extent known to them, the existence of discriminatory hiring practices based on sex.

**CONSENT DECREE**
**CV-06-00165**                                    4.

PDF created with pdfFactory trial version www.pdffactory.com

5.     **Retaliation**: Consistent with Section 704 of Title VII, 42 USC § 2000e-3, Defendant, its officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of K-5 because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; (e) asserted any rights under this Consent Decree; or (f) sought and/or received any monetary or non-monetary relief in accordance with this Consent Decree.

**III.   MONETARY RELIEF**

6.     K-5 shall pay the total sum of $1,680,000.00 (one million, six hundred and eighty thousand Dollars and No Cents) (the "Settlement Payment"). This amount is the full and complete amount K-5 shall pay, and includes attorney fees and all damages to Patricia Delgado, Myriam Cazarez, Flor Rivera, Miriam Delgado, Terry Salcido, Delia Casas, and a class of rejected female farm workers and deterred female farm workers who were denied employment during the period and who were aggrieved by the alleged unlawful practices, and any other costs and expenses.

   a.     K-5 shall report the Settlement Payment to Patricia Delgado, Myriam Cazarez, Flor Rivera, Miriam Delgado, Terry Salcido, Delia Casas by issuance of IRS Form 1099 as specified by the Commission;

   b.     K-5 shall pay the Settlement Payment as follows:

   On February 10, 2009, Defendant shall pay $400,000;

   On February 10, 2010, Defendant shall pay $400,000;

On February 10, 2011, Defendant shall pay $400,000;

On February 10, 2012, Defendant shall pay $480,000;

    c.    On each due date, K-5 will mail a check for the scheduled amount made payable to Gilardi & Co., LLC at 3301 Kurner Avenue, San Rafael, CA 94901.  K-5 will mail a copy of the check to Evangelina Fierro Hernandez, Senior Trial Attorney, c/o Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260 and Marcos Camacho at Law Offices of MARCOS CAMACHO, P.O. Box 9009, Bakersfield, CA  93389 9009.

    d.    K-5 will not pay any interest.

7.    **Identified and Unidentified Class Members**

    a.    *Settlement Fund Amount*:  The sums deposited with Gilardi & Co., LLC ("Settlement Fund") will be distributed to all "Eligible Claimants" (as that term is defined below) in accordance with the provisions of this Consent Decree.

    b.    *Costs*:  K-5 shall not be responsible for any costs incurred in maintaining the Settlement Fund Account.

    c.    K-5 shall not be responsible for any costs incurred in locating and assisting Eligible Claimants with the claims process.

    d.    *Eligible Claimants Definition*:  The Settlement Fund shall be used to make payments to persons whom the Commission determines to be eligible to receive monetary relief in this lawsuit.

    e.    *Notification of Settlement/Claims Process*:  Notification of this Settlement, Claims Process, and Consent Decree (hereinafter referred to as "notification")

PDF created with pdfFactory trial version www.pdffactory.com

shall be made in the following manner: K-5 shall post notice on the K-5 premises specifically on the portable toilets in the vineyard, regarding the availability of the Settlement Fund for no less than 30 (thirty days).  The notice is attached as Exhibit A to this decree.

    f.    Attorney Fees:  Upon receipt of monies from K-5, Gilardi & Co., LLC will also distribute a specific amount of monies to Marcos Camacho at Law Offices of MARCOS CAMACHO, P.O. Box 9009, Bakersfield, CA  93389-9009 for attorney fees and costs.

    (i.)    The amount will be specified by an agreement between the Commission and Marcos Camacho and communicated to Gilardi & Co., LLC 20 days after the entry of this decree.

    (ii.)    The amounts received by Marcos Camacho will be in full satisfaction of attorney fees and costs due to him and his co-counsel, Tomas Olmos of Allred, Maroko & Goldberg.

    (iii.)    In the event that Plaintiff and Plaintiff Intervenors cannot agree, the EEOC will move for the Court's assistance in this matter, and the Court will determine the amount to be distributed to Marcos Camacho.

    (iv.)    The Court's decision will be final and binding on all parties.

**IV.    SPECIFIC INJUNCTIVE RELIEF**

8.    **Zero-Tolerance**

K-5 affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

K-5 is firmly committed to maintaining a zero-tolerance policy concerning discriminatory hiring, recruiting, harassment and retaliation against individuals who report discrimination in K-5's workplace; to swiftly and firmly responding to any acts of discrimination or retaliation

**CONSENT DECREE**
**CV-06-00165**
7.

PDF created with pdfFactory trial version www.pdffactory.com

of which K-5 becomes aware; to imposing appropriate discipline designed to strongly deter future acts of discrimination or retaliation; and to actively monitor its workplace in order to ensure tolerance, respect and dignity for all employees.

This paragraph does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

9. **EEO and Anti-Discrimination Policies**

    a.    K-5 shall revise its EEO & hiring policies, within sixty (60) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory treatment, with specific reference to hiring based on sex; (ii) include examples to supplement the definitions of disparate treatment based on sex; (iii) provide for appropriate discipline and/or corrective action for incidents of failing to hire based on the applicant's sex designed to deter future acts of discrimination; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for appropriate discipline for incidents of retaliation designed to deter future acts of retaliation; (vi) provide that complaints of discrimination and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a reasonable timetable for commencing an investigation after a complaint is made or received and for appropriate remedial action, if warranted, to be taken upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, K-5 will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

    b.    K-5 shall effectively disseminate its revised policies and procedures required

CONSENT DECREE
CV-06-00165

8.

PDF created with pdfFactory trial version www.pdffactory.com

by the preceding paragraph a. by:

    i.    Distributing copies of the policy to all current employees within 30 days of the entry of this Consent Decree;

    ii.    Giving a copy of the policy to all new employees at all locations upon the employees' hire.

    c.    K-5 will submit a copy of the revised EEO and hiring policies to EEOC at the same time it submits the report on the completion of training as described below.

10. **Complaint Procedure.**

    a.    K-5 shall develop or reaffirm a complaint procedure in English and Spanish designed to encourage employees and applicants to come forward with complaints about violations of its discrimination policy. As part of the policy, K-5 shall provide its employees and applicants with convenient, confidential and reliable mechanisms for reporting incidents of discrimination and retaliation. Said policy shall be continuously posted in a prominent place in the vineyard.

    b.    K-5 will submit a copy of the complaint procedures to the EEOC twenty (20) days before the completion of training as required below.

    c.    Within one hundred eighty (180) days after entry of this Decree, K-5 will mail to counsel for the Commission a report containing the following information and documentation:

    i.    Copies of all complaints received in the last six months that are related to any claim that K-5 failed to hire the complainant because of her sex, and a statement regarding the result of the investigation of each such complaint.

CONSENT DECREE
CV-06-00165
9.

PDF created with pdfFactory trial version www.pdffactory.com

Additionally, the Company will provide the name, address and telephone number of the complainant and name the person who received the complaint. A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by the Company during the period of the Consent Decree and will be made available to the Commission within ten (10) days following a written request from the Commission.

ii.     Beginning on June 1, 2009, on the first day of January and June of each year during the duration of this Consent Decree, the Company will mail to counsel for the Commission a report containing the documentation and information specified in the preceding paragraph 10.(c.)(i.)

11.     **Posting.**

The attached Notice of Settlement, in English and Spanish, shall be, and remain, posted on the portable toilets located in the vineyards for thirty (30) days.

12.     **Training of Employees**.

K-5 shall require all current and new employees to attend an anti-discrimination training session provided by K-5 at the start of every harvest season throughout the duration of this Consent Decree.  The purpose of said training shall be to give participants an understanding of discrimination issues, particularly sex discrimination, including but not limited to what constitutes discrimination based on gender including the failure to hire women, sources of legal protection for discrimination victims, the employees' obligation to report sex discrimination, the employer's obligation to take preventive, investigative and remedial action with respect to discrimination complaints, and a review of company policies (including discipline policies) and practices related to discrimination and retaliation.   The training shall be in English and Spanish.

13.     **Training Logistics**.

**CONSENT DECREE**
**CV-06-00165**                                      10.

PDF created with pdfFactory trial version www.pdffactory.com

The content and method of training and the size of training classes is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall take into consideration K-5's operational needs. K-5 agrees to provide a description of each training program to counsel for the Commission no later than twenty (20) days before the training programs are scheduled to be held.

14. **Acknowledgment of Training Attendance**.

All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with K-5. K-5 shall retain the originals of these acknowledgments and provide the EEOC with a copy within 30 days of training.

15. **Reports to the Commission**

*Training Report*:

Within thirty (30) days of completion of the training required by this Consent Decree, K-5 will send the EEOC verification of its completion of discrimination/harassment training for its employees.

16. **Policies Designed to Promote Supervisor Accountability: Communication of Potential Discipline for Engaging in Sex Discrimination and/or Retaliation.**

K-5 agrees that it shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sex discrimination or retaliation or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. K-5 shall communicate this policy to all of its supervisors and managers.

//

**CONSENT DECREE** 11.
**CV-06-00165**

PDF created with pdfFactory trial version www.pdffactory.com

17.   **Hiring Goals for Females**

During the term of this Decree, Defendant shall set goals for the hiring of females in all available positions during the harvest season. In addition, Defendant will make all reasonable effort to promote the hiring of females in all non-harvest activities based upon applications made by female employees during all other seasons.

    a.   K-5 is required to make all reasonable efforts to ensure that females comprise at least one-third of the workforce over the course of the harvest season. The harvest season is approximately July through November of each year.

    b.   Defendant is required to make all reasonable efforts to promote the hiring of females in all non-harvest activities based upon applications made by female employees during non-harvest seasons.

    c.   *Hiring Report:*

For each quarter during the duration of the Consent Decree, K-5 will send the EEOC verification of the above hiring goals. The report shall include the total number of applicants by gender and the total number of hires by gender.

**V.   RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

    a.   This Consent Decree shall terminate five (5) years from the date of its entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by K-5. If the Commission determines that K-5 has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to K-5 and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission

CONSENT DECREE
CV-06-00165                              12.

PDF created with pdfFactory trial version www.pdffactory.com

petitions the Court and the Court finds K-5 to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree

b. Except as provided in the preceding paragraph, five (5) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that K-5 has complied substantially with the terms of this Consent Decree. K-5 will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that K-5 has failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

| For Plaintiff EEOC: | For Defendant K-5: |
|---|---|
| Dated: December 1, 2008 | Dated: December 1, 2008 |
| /s/ William T. Tamayo | /s/ Ronald H. Barsamian |
| WILLIAM R. TAMAYO<br>Regional Attorney | RONALD H. BARSAMIAN<br>Barsamian & Moody |
|  | For Plaintiff-Intervenors |
| Dated: December 1, 2008 | Dated: December 1, 2008 |
| /s/ David F. Offen-Brown | /s/ Marcos Camacho |
| **DAVID F. OFFEN-BROWN**<br>Supervisory Trial Attorney | MARCOS CAMACHO<br>Law Offices of Marcos Camacho |
| Dated: December 1, 2008 | Dated: December 1, 2008 |
| /s/ Evangelina Fierro Hernandez | /s/ Thomas Olmos |
| EVANGELINA FIERRO HERNANDEZ<br>Senior Trial Attorney | THOMAS OLMOS<br>Allred, Maroko & Goldberg |

**CONSENT DECREE**
**CV-06-00165**                    13.

PDF created with pdfFactory trial version www.pdffactory.com

IT IS SO ORDERED:

Dated: November 26, 2008                /s/ OLIVER W. WANGER
                                        Oliver W. Wanger
                                        United States District Court Judge

**CONSENT DECREE**  14.
**CV-06-00165**

PDF created with pdfFactory trial version www.pdffactory.com